[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10495
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-22874-RNS; 1:15-bkc-13372-AJC

In re:

ANDREA ROSEN LIEBMAN,

Debtor.
_____

ANDREA ROSEN LIEBMAN,

Plaintiff-Appellant,

versus

OCWEN LOAN SERVICING, LLC,
FUTURA MIAMI INVEST LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 7, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Andrea Rosen Liebman filed for bankruptcy under Chapter 13.  The bankruptcy court eventually dismissed her case after determining that Liebman's Chapter 13 payment plan was inadequate.  The bankruptcy court denied her second amended emergency motion to reinstate her Chapter 13 bankruptcy case and granted Ocwen Loan Servicing, LLC's (Ocwen) motion to amend the court's prior order denying confirmation of the payment plan and dismissing the case.  In the same order, the bankruptcy court determined that Liebman was not entitled to a retroactive stay of the sale of her townhouse.  The district court affirmed the bankruptcy court's order, and Liebman appealed.

On appeal, Liebman does not argue that the bankruptcy court erred by not reinstating her case or by refusing to grant a retroactive stay.  Rather, her arguments spawn from previous bankruptcy court orders.  Specifically, Liebman argues that (1) we should grant relief under Federal Rule of Civil Procedure 60(b) because Ocwen violated appellate jurisdiction; (2) the bankruptcy court erred by refusing to grant her request for punitive damages in her Rule 60(b) motion; (3) the bankruptcy court erred by refusing to acknowledge one of the arguments in her Rule 60(b) motion; and (4) her motion for a stay of disbursement should have been granted.  We have previously concluded that we do not have jurisdiction to hear

2

these arguments.  Order Granting Mot. to Dismiss for Lack of Jurisdiction (Sept. 10, 2018), ECF No. 49.

Because Liebman did not sufficiently brief the decisive issues—whether the bankruptcy court erred by refusing to (1) reinstate Liebman's Chapter 13 bankruptcy case or (2) retroactively stay the sale of her townhouse—we affirm.

In an appeal from a district court's order affirming the bankruptcy court, we review the bankruptcy court's factual findings for clear error and its legal conclusions de novo.  *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1315 (11th Cir. 2016).

To "brief" a claim, a party must "plainly and prominently" raise it by, for example, devoting a discrete section of her argument to that claim.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted).  A claim is abandoned if the appellant only makes passing references to it or raises it in a perfunctory manner without supporting arguments or authority.  *Id.* We generally do not address arguments made for the first time in a reply brief.  *Id.* at 683.  These principles do not change if the appellant is pro se.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (internal citations omitted)); *see also id.* ("[W]e do not

address arguments raised for the first time in a *pro se* litigant's reply brief." (citation omitted)).

Liebman has not presented any arguments or evidence suggesting that the bankruptcy court erred by refusing to reinstate her case.  Likewise, she has not presented any arguments or evidence suggesting that the bankruptcy court inappropriately applied the *Stockwell* factors, which are the factors a bankruptcy court must consider in determining whether to grant a retroactive stay.  *See In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001).  Rather, she devotes only one sentence of her initial brief, reply brief, and amended reply briefs to the latter issue.  Specifically, the only sentence in Liebman's amended initial brief mentioning the *Stockwell* factors states, "Futura has no protection from a purchase made in *(Willful) Violation of an Automatic Stay* nor are they are [*sic*] a creditor, who could have implemented the *Stockwell* Factors."  And in Liebman's original and amended reply briefs, she frames one of the issues as "[w]hether the [bankruptcy court] correctly applied the facts set forth in *In re Stockwell*," but only makes a one-sentence argument regarding that issue: "*Stockwell* factor # 5 in itself invalidated the *Stockwell* factors . . ."  The single sentence in her amended initial brief is insufficient to raise a claim that the bankruptcy court's application of the *Stockwell* factors was erroneous, and we will not consider the argument raised in her original and amended reply briefs.  *Sapuppo*, 739 F.3d at 681, 683.  We

therefore affirm the district court's affirmance of the bankruptcy court's order

denying Liebman's second amended emergency motion to reinstate.[1]

**AFFIRMED.**

---

[1] Appellant's motion to file an amended reply brief is GRANTED.  Both Appellee's and Appellant's motion for sanctions are DENIED.  Appellee's motion to dismiss the appeal as frivolous is likewise DENIED.